UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DISTRICT

| | |
|---|---|
| LEGACY HOUSING CORPORATION,<br><br>PLAINTIFF,<br>V.<br><br>COUNTRY AIRE HOMES OF LA, LLC, GULF STREAM HOMES OF LA, LLC, GULF STREAM HOMES OF MS, LLC, GULF STREAM MANOR PHASE 2 HOMES, LLC, IOWA HOMES, LLC, SINOP GS HOMES, LLC, SOUTHERN POINTE HOMES, LLC, SOUTHERN POINTE INVESTMENTS LLC, SOUTHERN POINTE INVESTMENTS II LLC, STELLAR GS HOMES, LLC, WILLIAM RODWELL, ERIC WOOTEN, ROBERT HUTSON, AND TONY HARTSGROVE,<br><br>DEFENDANTS. | CASE NO. 2:24-CV-00460-JDC-DJA<br><br>HON. JAMES D. CAIN, JR. |

**MEMORANDUM IN SUPPORT OF**
**INDIVIDUAL DEFENDANTS' MOTION TO DISMISS**
**COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

SUMMARY OF ARGUMENT ........ 1

RELEVANT FACTUAL ALLEGATIONS ........ 2

LEGAL STANDARDS ........ 4

ARGUMENTS AND AUTHORITIES........ 5

A. The Individual Defendants do not have the Required Minimum Contacts with Louisiana 5

B. Personal Jurisdiction over the LLC Defendants Cannot be Imputed to the Individual Defendants Solely Because They are Members of the LLCs. 7

C. Bare, Conclusory Assertions of Alter Ego are Insufficient to Establish Personal Jurisdiction over the Individual Defendants. 9

D. This Court Exercising Personal Jurisdiction over the Individual Defendants Would be Neither Fair nor Reasonable. 12

E. Legacy Has Not Alleged Contacts Sufficient to Justify the Exercise of General Jurisdiction over the Individual Defendants. 14

CONCLUSION........ 15

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bridas S.A.P.I.C. v. Gov't of Turkmenistan*,
447 F.3d 411 (5th Cir. 2006) ........13

*Brown v. Waldron*,

186 So.3d 955 (Miss. Ct. App. 2016) ....................14

*Burger King v. Rudzewicz*,
471 U.S. 462 (1985).................... 7, 16

*Cannon Mfg. v. Cudahy Packing Co.*,
267 U.S. 333 (1925).................... 9

*Castleberry v. Branscum*,
721 S.W.2d 270 (Tex. 1986).................... 13

*Century Hotels v. U.S.*,
952 F.2d 107 (5th Cir. 1992) .................... 15

*Dania Jai-Alai Palace, Inc. v. Sykes*,
450 So.2d 1114 (Fla. 1984).................... 12

*Dickson Marine, Inc. v. Panalpina, Inc.*,
179 F.3d 331 (5th Cir. 1999) .................... 8

*Diece-Lisa Industries, Inc. v. Disney Enterprises, Inc.*,
176 F.3d 867 (5th Cir. 1999) .................... 10

*Freundensprung v. Offshore Tech. Servs., Inc.*,
943 F.3d 239 (5th Cir. 2019) .................... 5, 9–10, 18

*Gray v. Edgewater Landing, Inc.*,
541 So.2d 1044 (Miss. 1989).................... 14

*Ham v. La Cienega Music Co.*,
4 F.3d 413 (5th Cir. 1993) .................... 5–6

*Healy v. AT&T Servs.*,
362 So.3d 14 (Miss. 2023).................... 12

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984).................... 18

*In re Multiponics, Inc.*,
622 F.2d 709 (5th Cir. 1980) .................... 13

*In re Pennysaver USA Publishing, LLC*,
587 B.R. 445 (Bankr. D. Del. 2018) .................... 12

*Ledford v. Keen*,
9 F.4th 335 (5th Cir. 2021) .................... 14

*Licea v. Curacao Drydock Co.*,
952 F.3d 207 (5th Cir. 2015) ....................13

*Marathon Metallic Bldg. Co. v. Mountain Empire Constr.*,
653 F.2d 921 (5th Cir. 1981) ....................5, 15

*McCarthy v. Wani Venture, A.S.*,
251 S.W.3d 573 (Tex. App.—Houston [1st Dist.] 2007, pet. denied)....................15

*Nuovo Pignone SpA v. Storman Asia M/V*,
310 F.3d 374 (5th Cir. 2002) ....................5

*Ogea v. Merritt*,
130 So.3d 888 (La. 2013) ....................12

*ORX Res., Inc. v. MBW Exploration, L.L.C.*,
32 So.3d 931 (La. App. 4th Cir. 2010) ....................14

*Pace v. Cirrus Design Corp.*,
93 F.4th 879 (5th Cir. 2024) ....................6

*Palma v. S. Fla. Pulmonary & Critical Care, LLC*,
307 So.3d 860 (Fla. 3d DCA 2020) ....................12

*Pervasive Software, Inc. v . Lexware GmbH & Co. KG*,
688 F.3d 214 (5th Cir. 2012) ....................6

*Petroleum Helicopters, Inc. v. AVCO Corp.*,
513 So.2d 1188 (5th Cir. 1987) ....................5

*Prasad v. Bullard*,
51 So.3d 35 (La. App. 5th Cir. 2010) ....................14

*Product Promotions, Inc. v. Cousteau*,
495 F.2d 483 (5th Cir. 1974) ....................5

*Restaurant of Hattiesburg, LLC v. Hotel & Restaurant Supply, Inc.*,
84 So.3d 32 (Miss. Ct. App. 2012) ....................14

*Riggins v. Dixie Shoring Co., Inc.*,
590 So.2d 1164 (La. 1991) ....................14–15

*Sangha v. Navig8 Ship Management Private Ltd.*,
882 F.3d 96 (5th Cir. 2018) ....................16–17

*Segal v. Forastero, Inc.*,
322 So.3d 159 (Fla. 3d DCA 2021) ....................13

*Southmark Corp. v. Life Investors, Inc.*,
851 F.2d 763 (5th Cir. 1988) ....................9–10

*Stuart v. Spademan*,
772 F.2d 1185 (5th Cir. 1985) ....................9–10

*Submersible Sys., Inc. v. Perforadora Central, S.A.*,
249 F.3d 413 (5th Cir. 2001) ....................18

*Wood v. U.S. Bank Nat'l Ass'n*,
246 A.3d 141 (Del. Ch. 2021)....................12

*World-Wide Volkswagen Corp. v. Woodson*,
444 U.S. 286 (1980)....................16–17

**OTHER AUTHORITIES**

Peter Molk, *Delaware's Dominance and the Future of Organizational Law*,
55 GA. L. REV. 1111 (2021)....................12

Pursuant to Rule 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.4, defendants Robert Hutson, Eric Wooten, and Tony Hartsgrove ("Individual Defendants")[1] hereby submit the following memorandum in support of their Rule 12(b)(2) Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction or, alternatively, for Failure to State a Claim under Rule 12(b)(6).[2]

**SUMMARY OF ARGUMENT**

Plaintiff Legacy Housing Corporation ("Legacy") and the LLC defendants have a commercial relationship involving the purchase and financing of manufactured homes. Compl., ECF No. 1 ¶¶ 23–24. Legacy alleges that the LLC defendants are in default and has accelerated the loans. *Id*. ¶¶ 30, 80. This litigation attempts to gain control of homes in which Legacy claims it holds security interests. *Id.* ¶¶ 90–94.

The homes in question are all owned by the LLC defendants. Nonetheless, Legacy has sued the Individual Defendants as well. It has done so despite the movant Individual Defendants all being residents of states other than Louisiana. Compl. ¶¶ 14–16; Decl. of Tony Hartsgrove ("Hartsgrove Decl.") ¶ 2; Decl. of Robert Hutson II ("Hutson Decl.") ¶ 2; Decl. of Eric Wooten ("Wooten Decl.") ¶ 2. In order to show personal jurisdiction over the Individual Defendants, Legacy must impute personal jurisdiction over the LLC defendants to the Individual Defendants. But Legacy's complaint is entirely bereft of the allegations that would be necessary to show the

---

[1] Legacy alleges the fourth individual defendant, William Rodwell, lives in Mississippi. Compl. ¶ 13. Mr. Rodwell in fact lives in Lake Charles, Louisiana and does not join this motion. Nor do the remaining defendants (the "LLC defendants") join this motion.

LLC defendants were the alter egos of the Individual Defendants and thus establish personal jurisdiction. Without that, Legacy cannot show personal jurisdiction over the movant Individual Defendants.

For the same reasons, even if the Court were to exercise personal jurisdiction over the Individual Defendants, it should dismiss Plaintiff's claims against them under Rule 12(b)(6) since the allegations concerning Individual Defendants are entirely conclusory and fall radically short of the *Twombly/Iqbal* standard.

**RELEVANT FACTUAL ALLEGATIONS**

Legacy "builds, sells, and finances manufactured mobile homes." Compl. ¶ 23. It alleges the LLC defendants "bought hundreds of homes from Legacy and financed those purchases by executing promissory notes in favor of Legacy as Payee." *Id.* ¶ 24. Legacy also alleges it holds security agreements that grant it a first priority lien "not only in each of the homes that the defendants bought but also in 'all proceeds and products thereof, including all rent and proceeds of sale,'" giving it a right to repossess the homes. *Id.* ¶¶ 25, 27.

Legacy alleges LLC defendant "Country Aire Homes of LA, LLC is in default of $1,940.35 under Loan 1977, which grants Legacy a security interest in several homes." *Id.* ¶ 31. Legacy alleges LLC defendant "Gulf Stream Homes of LA, LLC is in default of $1,866.30 under Loan 1965, which grants Legacy a security interest in at least one home." *Id.* ¶ 32. Legacy alleges LLC defendants "Gulf Stream Homes of LA, LLC, Gulf Stream Homes of MS, LLC, Stellar GS Homes, LLC, SINOP GS Homes, LLC, and Country Aire Homes of LA, LLC are in default of $4,067,514.98 under Loan 20210326.4, which grants Legacy a security interest in over 100 homes." *Id.* ¶ 33. Legacy alleges LLC defendant "Gulf Stream Manor Phase 2 Homes, LLC is in default of $6,336,572.79 under Loan 20210326.1, which grants Legacy a security interest in

approximately 265 homes." *Id.* ¶ 34. Legacy alleges LLC defendant Iowa Homes, LLC "is in default for a total of $4,511,072.95" across three loans, "which grant Legacy a security interest in over 50 homes." *Id.* ¶¶ 35–39. Legacy alleges LLC defendant Southern Pointe Homes, LLC "is in default of $336,887.13 under Loan 20210326.2," "which grants Legacy a security interest in at least 10 homes." *Id.* ¶¶ 40–41. Legacy alleges LLC defendant Southern Pointe Investments LLC "is in default for a total of $6,588,595.65" across 15 loans, "which grant Legacy a security interest in approximately 130 homes." *Id.* ¶¶ 42–58. Legacy alleges LLC defendant Southern Pointe Investments III, LLC "is in default for a total of $8,266,168.35" across 13 loans, "which grant Legacy a security interest in approximately 130 homes." *Id.* ¶¶ 59–73. Legacy alleges LLC defendant Stellar GS Homes, LLC "is in default for a total of $342,870.41" across three loans, "which grant Legacy a security interest in approximately 30 homes." *Id.* ¶¶ 74–78.

No Individual Defendants are listed as being in default on any of the loans, as having executed the security agreements giving liens on any of the homes, or as being in personal possession of any of the homes. *Id.* ¶¶ 30–78; Hartsgrove Decl. ¶ 3; Hutson Decl. ¶ 3; Wooten Decl. ¶ 3.

Legacy is incorporated in Texas and has its principal place of business in Texas. *Id.* ¶ 1. Legacy alleges the domicile of the members of the LLC defendants, including the Individual Defendants, in order to show complete diversity for the purposes of establishing subject matter jurisdiction. *Id.* ¶¶ 2–11, 17–18. Legacy does not allege the state in which the LLC defendants are organized.

Legacy alleges that the Individual Defendants are residents of either Mississippi (Wooten) or Florida (Hutson and Hartsgrove). *Id.* ¶¶ 14–16. Notwithstanding their lack of residency in Louisiana (Hartsgrove Decl. ¶ 3; Hutson Decl. ¶ 3; Wooten Decl. ¶ 3) Legacy alleges "[t]his Court

has personal jurisdiction over defendants because they are either domiciled in Louisiana or regularly conduct business in Louisiana" and because "[a]ll of the property at issue in this case is in Louisiana." *Id.* ¶¶ 19–20.

Legacy's Complaint includes three causes of action: "Count I – Judgment of Possession of the Collateral (against all LLC defendants)," "Count II – Writ of Sequestration (against all LLC defendants, Rodwell, Wooten, Hutson, Hartsgrove)," and "Count III – Alter Ego and Veil Piercing Liability (Alternatively, and against Rodwell, Wooten, Huston, and Hartsgrove)." *Id.* ¶¶ 30–101.

## LEGAL STANDARDS

Under Fifth Circuit precedent, for a court in this circuit to have personal jurisdiction, "(1) the defendant sought to be sued must have had some minimum contact with the forum state, contact that results from an *affirmative* act of that defendant; *and* (2) it must be fair and reasonable to require the defendant to come into the state and defend the action." *Marathon Metallic Bldg. Co. v. Mountain Empire Constr. Co.*, 653 F.2d 921, 923 (5th Cir. 1981) (relying on *Product Promotions, Inc. v. Cousteau*, 495 F.2d 483, 494 (5th Cir. 1974)) (emphasis added). Minimum contacts exist only "when (1) the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; *and* (2) the controversy arises out of or is related to the defendant's contacts with the forum state." *Freundensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004) (emphasis added). "The limits of the Louisiana Long-arm Statute and the limits of constitutional due process are now coextensive." *Petroleum Helicopters, Inc. v. AVCO Corp.*, 513 So.2d 1188, 1192 (5th Cir. 1987).

General jurisdiction is only available "[w]hen a cause of action does not arise out of a foreign defendant's purposeful contacts" and "the defendant has engaged in 'continuous and

systematic contacts' in the forum." *Freundensprung*, 379 F.3d at 343 (quoting *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374, 378 (5th Cir. 2002)).

In this Circuit, "[t]he district court usually resolves the jurisdictional issue without conducting a hearing." *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). Plaintiffs bear the burden of making allegations sufficient to establish the Court's personal jurisdiction over defendants. *Id.*

## ARGUMENTS AND AUTHORITIES

### A. The Individual Defendants do not have the Required Minimum Contacts with Louisiana.

The Individual Defendants lack the minimum contacts necessary for this Court to establish personal jurisdiction over a non-resident. "For a court to issue a binding judgment against a defendant, it must have both subject matter and personal jurisdiction over the defendant." *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 894 (5th Cir. 2024) (citing *Pervasive Software, Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 231–32 (5th Cir. 2012)).

Legacy does not allege that the Individual Defendants reside in Louisiana. *See* Compl., ECF No. 1 ¶¶ 14–16 (alleging that Wooten lives in Mississippi, Hutson lives in Florida, and Hartsgrove lives in Florida).[3] Legacy does not allege that the Individual Defendants bought homes from it. *See id.* ¶ 24 ("The LLC defendants bought hundreds of homes from Legacy."). Legacy does not allege that the Individual Defendants executed the promissory notes. *See id.* ("The LLC defendants . . . financed these purchases by executing promissory notes."). Legacy does not allege that the Individual Defendants are the makers of the notes. *Id.* ¶ 26. Legacy does not allege that it

[3] Again, Legacy's allegation that Mr. Rodwell resides in Mississippi is incorrect. He resides in Louisiana.

is the Individual Defendants who "must pay a stipulated monthly payment during the life of the promissory notes." *Id.* Legacy does not allege that the security agreements contain an assignment of the Individual Defendants' "rights and interests to lease of and rental proceeds from the homes to Legacy in the event of default." *Id.* ¶ 28. Legacy does not allege the Individual Defendants are in default. *See id.* ¶ ("The LLC defendants are in default."). Legacy does not allege that it notified the Individual Defendants of default and acceleration. *See id.* ¶¶ 79–80 ("Legacy notified all the LLC defendants that the promissory notes were in default and would be subject to acceleration. . . . Legacy notified all the LLC defendants that the loans had been accelerated."). Legacy does not allege that the Individual Defendants have refused to pay. *See id.* ¶ 81 ("[T]he LLC defendants have refused to pay the sums due and owing under the promissory notes."). Legacy does not bring its first cause of action for judgment of possession of the collateral against the Individual Defendants, *id.* ¶¶ 83–88, *because the Individual Defendants do not personally possess any of the homes*. Hartsgrove Decl. ¶ 3; Hutson Decl. ¶ 3; Wooten Decl. ¶ 3. Thus, Legacy has not shown that the Individual Defendants "reached out beyond one state" to "purposefully direct" its activities at residents of Louisiana. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985).

The Individual Defendants' personal contacts with the state of Louisiana are slim to none. The Individual Defendants' contacts with the state of Texas are greater, *and they moved to dismiss for lack of personal jurisdiction in Legacy's suit against them there as well*. Individual Defs.' Mot. to Dismiss, *Legacy Housing Corp. v. Rodwell*, No. 4:24-cv-00096 (N.D. Tex. April 1, 2024), ECF No. 38. In *that* litigation, Legacy based its arguments on what it characterized as "Texas' significant and indispensable role in the parties' relationships." Pl.'s Resp. to Individual Defs.' Mot. to Dismiss at 7, *Legacy Housing Corp. v. Rodwell*, No. 4:24-cv-00096 (N.D. Tex. April 22, 2024), ECF No. 57. Legacy makes several factual allegations in the N.D. Texas litigation that were

elided as inconvenient before this Court. Legacy performed on the loans—and the loans at issue here were also at issue in the N.D. Texas litigation—in Texas by manufacturing the homes in Texas and shipping them from Texas. *Id.* at 2. Payment on the loans "was due and performable in Texas." *Id.* More importantly, Legacy relies heavily in the N.D. Texas litigation on "forum selection and choice-of-venue provision[s] that mandate[ ] that this litigation proceed in the state or federal courts of Texas." *Id.*

It is on the membership interests that the Individual Defendants hold in the LLC defendants that Legacy must rely in its attempts to (again) hale the Individual Defendants into an out-of-state court as a litigation tactic.

**B. Personal Jurisdiction over the LLC Defendants Cannot be Imputed to the Individual Defendants Solely Because They are Members of the LLCs.**

Even if this Court has personal jurisdiction over the LLC defendants, an LLC owning property in Louisiana does not automatically subject each and every one of its members to being haled into court in Louisiana. Generally "the proper exercise of personal jurisdiction over a nonresident . . . may not be based solely upon the contacts with the forum state of another . . . entity with which the defendant may be affiliated." *Freundensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004) (relying on *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 335 (1925)).

Similarly, under the fiduciary-shield doctrine, "an individual's transaction of business within the state solely as a [entity] officer does not create personal jurisdiction over that individual though the state has in personam jurisdiction over the [entity]." *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985). Legacy has not made any specific allegations that the Individual Defendants have transacted business in Louisiana. Rather, it relies on "[t]he obverse of the

fiduciary-shield doctrine . . . where courts attribute to an individual the [entity's] contacts with the forum state." *Id.* But the general rule remains "that jurisdiction over an individual cannot be predicated upon jurisdiction over a[n entity]." *Id.* This is true even for a wholly owned subsidiary. *Southmark Corp. v. Life Investors, Inc.*, 851 F.2d 763, 773–74 (5th Cir. 1988). The same logic applies to an LLC with a sole member.[4]

Legacy has not alleged that any of the LLC defendants are residents of Louisiana or organized under the laws of Louisiana. Even if they were, that would not automatically establish personal jurisdiction over their members. This Circuit starts with a presumption of entity separateness that would defeat personal jurisdiction purely on the basis of a membership interest in even a resident entity. *Diece-Lisa Industries, Inc. v. Disney Enterprises, Inc.*, 943 F.3d 239, 346 (5th Cir. 2019) (relying on *Freundensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004)). The presumption that personal jurisdiction over an LLC may not be imputed to its members may be rebutted only by "clear evidence" that goes beyond the "mere existence of a [entity] relationship." *Freundensprung*, 379 F.3d at 346 (relying on *Dickson Marine, Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir. 1999)).

Legacy hasn't even come close. To establish vicarious personal jurisdiction, Legacy must rely on "an exception . . . when the [entity] is the alter ego of the individual." *Stuart*, 772 F.2d at 1197.

---

[4] Despite Legacy's allegations, none of the LLC Defendants are solely owned. Hartsgrove Decl. ¶ 5; Hutson Decl. ¶ 5; Wooten Decl. ¶ 5.

### C. Bare, Conclusory Assertions of Alter Ego are Insufficient to Establish Personal Jurisdiction over the Individual Defendants.

Legacy makes bare, unsubstantiated, conclusory assertions that the Individual Defendants are alter egos of various of the LLC defendants such that piercing their limited liability veils is justified. Compl. ¶¶ 97–99.[5] In support of its alter ego/veil piercing claim, Legacy only makes two allegations: One, the Individual Defendants are sole members of three of the ten LLC defendants (and sole members of two non-defendant LLCs that are themselves members in two of the other LLC defendants). *Id.* Two, the Individual Defendants are the alter ego of those five LLCs. *Id.*[6]

The allegation that the Individual Defendants are sole members of any LLC is false. Hartsgrove Decl. ¶ 5; Hutson Decl. ¶ 5; Wooten Decl. ¶ 5. However, even if accepted as true, they would still fail to support a *prima facie* case for alter ego.

Legacy has not alleged the law under which each of the Entity Defendants is organized. Compl. ¶¶ 2–11. The Complaint identifies the states for which each LLC is a citizen (based on the domiciles of their members), *id.*, but an LLC can be organized under the laws of a state other than that in which its members reside. The internal affairs doctrine applies to LLCs, so an LLC will be

---

[5] "Defendant Eric Wooten is the sole member and alter ego of Country Aire Homes of LA, LLC and Gulf Stream Homes of LA, LLC. Defendant Robert Hutson is the sole member and alter ego of defendant Iowa Homes, LLC. Hutson is also the sole member and alter ego of IDC Holdings LLC, which is one of the four members of defendant Southern Pointe Investments LLC. Defendant Tony Hartsgrove is the sole member and alter ego of TH Investments of LA LLC, which is one of the four members of defendant Southern Pointe Investments LLC."

[6] Legacy also makes allegations that "Rodwell is the sole member and alter ego" of one of the LLC defendants. Compl. ¶ 96. Rodwell did not join this motion because he lives in Louisiana; he does not waive any arguments that he is not the alter ego of Southern Pointe Homes, LLC or any other arguments on the merits of Legacy's lawsuit.

governed by the LLC law of the state in which it is organized, not where its members reside or it has its operations or anywhere else. *In re Pennysaver USA Publishing, LLC*, 587 B.R. 445, 463 (Bankr. D. Del. 2018). The LLCs in question could be organized where their property is (Louisiana, but also possibly other states), where their members reside (Mississippi or Florida, but also possibly other states), or in a state otherwise unconnected with the underlying business and its owners (Delaware is a popular choice[7]). Legacy has not adequately pled alter ego under the laws of *any* state.

Under the laws of any state, LLCs are legal entities separate from their members. *See, e.g.*, *Ogea v. Merritt*, 130 So.3d 888, 906 (La. 2013); *Palma v. S. Fla. Pulmonary & Critical Care, LLC*, 307 So.3d 860, 866 (Fla. 3d DCA 2020) (relying on *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So.2d 1114, 1117 (Fla. 1984)); *Healy v. AT&T Servs.*, 362 So.3d 14, 23 (Miss. 2023); *Wood v. U.S. Bank Nat'l Ass'n*, 246 A.3d 141, 148 (Del. Ch. 2021). However, the entity "form can be disregarded in certain circumstances." *Licea v. Curacao Drydock Co.*, 952 F.3d 207, 212 (5th Cir. 2015) (citing *Castleberry v. Branscum*, 721 S.W.2d 270, 272–73 (Tex. 1986)). "One of the bases for doing so is the alter ego doctrine, whereby 'a[n entity] is organized and operated as a mere tool or business conduit of another [entity].'" *Id.* (quoting *Casteberry*, 721 S.W.2d at 272). The alter ego doctrine is a variation of piercing the limited liability veil. *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 447 F.3d 411, 416 (5th Cir. 2006). "Like all variations of piercing the [limited liability] veil doctrine, [it] is reserved for exceptional cases." *Id.* (citing *In re Multiponics, Inc.*, 622 F.2d 709, 724–25 (5th Cir. 1980)).

---

[7] *See* Peter Molk, *Delaware's Dominance and the Future of Organizational Law*, 55 GA. L. REV. 1111, 1159 (2021) (noting that Delaware attracts a relatively high share of out-of-state LLC formations).

Veil piercing requires more than a bare allegation that an LLC is the alter ego of its member or members. Under Louisiana law, some sort of fraud or deceit is usually required for veil piercing. *See, e.g.*, *ORX Res., Inc. v. MBW Exploration, L.L.C.*, 32 So.3d 931, 935 (La. App. 4th Cir. 2010) (relying on *Riggins v. Dixie Shoring Co., Inc.*, 590 S.2d 1164, 1168 (La. 1991)); *Prasad v. Bullard*, 51 So.3d 35, 40 (La. App. 5th Cir. 2010). Similarly, under Florida LLC law, Legacy would need to allege that the relevant member "dominated and controlled the LLC to such an extent that the LLC had no existence independent of" the member, "the LLC was the mere instrumentality or alter-ego" of the member, the member "used the LLC's [entity] form fraudulently or for an improper purpose," **and** the member's "fraudulent or improper use of the LLC's [entity] form caused injury to" Legacy. *Segal v. Forastero, Inc.*, 322 So.3d 159, 162–63 (Fla. 3d DCA 2021) (citations omitted).

Legacy does not allege the requisite dominance of the relevant LLC defendants. Legacy does not allege the LLC defendants were used fraudulently or for an improper purpose—this is a breach of contract case, and it was the LLC defendants, not the Individual Defendants, who allegedly defaulted on the loans. Legacy does not allege how the Individual Defendants' use of the relevant LLC defendants injured Legacy.

To the extent Mississippi law would apply, the Supreme Court of Mississippi has stated expressly that "the breach of a contract, without more (i.e., a showing of fraud) does not justify the disregard of the [limited liability] entity." *Gray v. Edgewater Landing, Inc.*, 541 So.2d 1044, 1047 (Miss. 1989) (citation omitted). Mississippi law also requires "'flagrant disregard of LLC formalities by the LLC members." *Brown v. Waldron*, 186 So.3d 955, 960 (Miss. Ct. App. 2016) (quoting *Restaurant of Hattiesburg, LLC v. Hotel & Restaurant Supply, Inc.*, 84 So.3d 32, 39 (Miss. Ct. App. 2012)). Legacy has not alleged that any of the Individual Defendants disregarded

any LLC formalities. Texas law is looser, taking a constructive fraud approach and with undercapitalization as one factor in the veil piercing analysis, but undercapitalization alone would be insufficient to pierce the limited liability veil. *Ledford v. Keen*, 9 F.4th 335, 339–40 (5th Cir. 2021). Legacy has not alleged that any of the LLC defendants were undercapitalized. Commingling of member and LLC assets is another common factor. *See, e.g.*, *Riggins v. Dixie Shoring Co.*, 590 So.2d 1164, 1168 (La. 1991); *Century Hotels v. U.S.*, 952 F.2d 107, 110 (5th Cir. 1992); *McCarthy v. Wani Venture, A.S.*, 251 S.W.3d 573, 591 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). Legacy has not alleged that any of the Individual Defendants commingled any of their personal assets with the assets of the LLC defendants; to the contrary, the Individual Defendants have not commingled their assets with the LLC defendants' and do not even have control or authorization to use any funds of the LLCs or to make distributions. Hartsgrove Decl. ¶ 5; Hutson Decl. ¶ 5; Wooten Decl. ¶ 5.

Legacy has not alleged *anything* that would establish a successful claim for alter ego and veil piercing. Without it, their allegations of personal jurisdiction must fail.

### D. This Court Exercising Personal Jurisdiction over the Individual Defendants Would be Neither Fair nor Reasonable.

This Court only has personal jurisdiction over the Individual Defendants if they have both minimum contacts with Louisiana, *and* it would be "fair and reasonable to require the defendant to come into the state and defend the action." *Marathon Metallic Bldg. Co. v. Mountain Empire Constr. Co.*, 653 F.2d 921, 923 (5th Cir. 1981) (emphasis added). The Individual Defendants lack those minimum contacts, but even if they existed, it would still not be fair and reasonable to hale the Individual Defendants into court in Louisiana. And "minimum requirements inherent in the concept of 'fair play and substantial justice' may defeat the reasonableness of jurisdiction even if

the defendant has purposefully engaged in forum activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477–78 (1985) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)).

This Circuit applies a five-factor balancing test that considers:

> (1) the burden on the nonresident defendant of having to defend itself in the forum, (2) the interests of the forum state in the case, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in the most efficient resolution of controversies, and (5) the shared interests of the states in furthering fundamental social policies.

*Sangha v. Navig8 Ship Management Private Ltd.*, 882 F.3d 96, 102 (5th Cir. 2018) (relying on *Burger King Corp. v. Rudzewicz*, 471 U.S. 477 (1985)).

None of the movant Individual Defendants live in Louisiana, Compl. ¶¶ 14–16; Hartsgrove Decl. ¶ 5, Hutson Decl. ¶ 5, Wooten Decl. ¶ 5, and it would be burdensome for them to litigate outside the state of their domicile. Legacy itself has acknowledged that flying to Lake Charles is inconvenient, as Legacy notes in its Sur-Reply in the N.D. Texas case. Pl.'s Sur-Reply to Individual Defs.' Mot. to Dismiss at 4, *Legacy Housing Corp. v. Rodwell*, No. 4:24-cv-00096 (N.D. Tex. May 22, 2024), ECF No. 68. Legacy itself argues that the interests of Louisiana in this dispute are slight in the N.D. Texas litigation, asserting that it is *Texas*, not Louisiana, that plays a "significant and indispensable role in the parties' relationships." Pl.'s Resp. to Individual Defs.' Mot. to Dismiss at 7, *Legacy Housing Corp. v. Rodwell*, No. 4:24-cv-00096 (N.D. Tex. April 22, 2024), ECF No. 57. Legacy's willingness to file suit in multiple jurisdictions demonstrates that not haling the Individual Defendants into out-of-state court will not stymie Legacy "in obtaining convenient and effective relief." *Sangha*, 882 F.3d at 102. "[T]he interstate judicial system's interest in the most efficient resolution of controversies" will be advanced by allowing this litigation to proceed on the merits against the true parties in interest—the LLC defendants—

without Legacy's inequitable litigation tactic of suing the Individual Defendants purely to put pressure on them. No "shared interests of the states in furthering fundamental social policies," *id.*, are implicated here.

Legacy attempts to circumvent the limited liability veil by suing the Individual Defendants directly. Despite knowing it cannot win on veil piercing, Legacy is attempting to use this Court's personal jurisdiction over the LLC defendants to hale the Individual Defendants into this Court—not to properly vindicate Legacy's rights, but instead as a litigation tactic designed to strongarm the LLC defendants. This offends the Due Process Clause's requirement of "fair play and substantial justice." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).

**E. Legacy Has Not Alleged Contacts Sufficient to Justify the Exercise of General Jurisdiction over the Individual Defendants.**

Nor has Legacy made allegations sufficient to demonstrate that the Individual Defendants "had sufficient minimum contacts with [Louisiana] to justify the exercise of general jurisdiction over" them. *Freundensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 345 (5th Cir. 2004). General jurisdiction requires the nonresident defendant to have contacts with the forum (other than those related to Legacy's causes of action) that "are sufficiently 'continuous and system[atic]' to satisfy due process requirements." *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 417 (1984)). This test "is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Submersible Sys., Inc. v. Perforadora Central, S.A.*, 249 F.3d 413, 419 (5th Cir. 2001). Legacy has not alleged that any of the Individual Defendants have continuous and systematic contacts with Louisiana. None of the movant Individual Defendants regularly conducts business in Louisiana. Hartsgrove Decl. ¶ 5; Hutson Decl. ¶ 5; Wooten Decl. ¶ 5.

## CONCLUSION

For the foregoing reasons, the motion should be granted, and Legacy's claim should be dismissed, without leave to amend and with prejudice.

Dated: May 28, 2024.

*/s/ Eliyahu Ness*
Eliyahu "Eli" Ness
NESS PLLC
3232 McKinney Ave., Ste. 500
Dallas, TX 75204
Telephone - (469) 319-1355
eness@nesslegal.com

*/s/ Van C. Seneca*
Billy E. Loftin, Jr.
Van C. Seneca
Loftin Law Group, LLC.
113 Dr. Michael DeBakey Dr.
Lake Charles, LA 70601
Telephone - (337) 310-4300
Fax – (337) 310-4400
billy@loftinleblanc.com
van@loftinleblanc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of May, 2024, I served the foregoing document by uploading it to the CM/ECF system which will send notification of such filing to all counsel of record for Plaintiff as follows:

Steven W. Usdin,
susdin@barrassousdin.com
Chloe M. Chetta,
cchetta@barrassousdin.com
Laura M. Blockman,
lblockman@barrassousdin.com
BARRASSO USDISN KUPPERMAN FREEMAN & SARVER, L.L.C.
909 Poydras St., Suite 2350 New Orleans, Louisiana 70112
*Counsel for Legacy Housing Corporation*

*/s/ Eliyahu Ness*
Eliyahu "Eli" Ness