UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **LEGACY HOUSING CORP** | **CASE NO. 2:24-CV-00460** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **COUNTRY AIRE HOMES OF LA L L C ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

### MEMORANDUM RULING

Before the Court is "Individual Defendants' Motion to Dismiss Complaint for Lack of Personal Jurisdiction" (Doc. 23) filed by Defendants, Eric Wooten, Robert Hutson, and Tony Hartsgrove. No opposition has been filed to this Motion, and the time for doing so has lapsed.

### BACKGROUND

This lawsuit involves mobile homes manufactured by Legacy Housing Corporation ("Legacy"), a Texas Corporation.[1] Some Defendants include limited liability companies with members in various states—Mississippi, Louisiana, Florida (collectively referred to as the LLC Defendants).[2] Individual Defendants are William "Bill" Rodwell,[3] a domiciliary and citizen of Mississippi,[4] Eric Wooten, a domiciliary and citizen of

---

[1] Complaint, Doc. 1, ¶ 23.
[2] *Id.* ¶¶ 2-11.
[3] Even though it is alleged that Mr. Rodwell resides in Mississippi, counsel for Defendants note that he lives in Lake Charles, Louisiana and therefore does not join in this motion.
[4] *Id.* ¶ 13.

Mississippi,[5] Robert Hutson, a domiciliary and citizen of Florida,[6] and Tony Hartsgrove, a domiciliary and citizen of Florida.[7]

The LLC Defendants purchased hundreds of homes from Legacy and financed them by executing promissory notes in favor of Legacy.[8] Legacy alleges it holds security agreements that grant it a first-priority lien "not only in each of the homes that the defendants bought" but also in "all proceeds and products thereof, including all rent and proceeds of sale."[9]

Legacy alleges that the LLC Defendants are in default under Loan 1977 (Country Aire Homes of LA, LLC),[10] Loan 1965 (Gulf Stream Homes of LA, LLC),[11] Loan 20210326.4 (Gulf Stream Homes of LA, LLC, Gul Stream Homes of MS, LLC, Stellar GS Homes LLC, SINOP GS Homes, LLC and Country Aire Homes of LA, LLC),[12] Loan 20210326.1 (Gulf Stream Manor Phase 2 Homes, LLC),[13] three (3) unspecified loans (Iowa Homes,[14] Loan 20210326.2 (Southern Pointe Homes, LLC),[15] fifteen (15) unspecified loans (Southern Pointe Investments, LLC),[16] thirteen (13) unspecified loans (Southern Pointe Investments, LLC ),[17] and three (3) unspecified loans (Stellar GS Homes, LLC).[18]

---

[5] *Id.* ¶ 14.
[6] *Id.* ¶ 15.
[7] *Id.* ¶ 16.
[8] *Id.* ¶ 24.
[9] *Id.* ¶ 25, 27.
[10] *Id.* ¶ 31.
[11] *Id.* ¶ 32.
[12] *Id.* ¶ 33.
[13] *Id.* ¶ 34.
[14] *Id.* ¶¶ 35-39.
[15] *Id.* ¶¶ 40-41.
[16] *Id.* ¶¶ 42-58.
[17] *Id.* ¶¶ 59-73.
[18] *Id.* ¶ 74-78.

Legacy alleges that the Court has personal jurisdiction over the individual Defendants, Hutson, Wooten, and Hartsgrove based on the individual Defendants' domicile, they regularly conducted business in Louisiana, and/or the mobile homes are located in Louisiana.[19]

Legacy's Complaint asserts three causes of action: (1) Count I—Judgment of Possessions of all Collateral (against LLC Defendants);[20] Count II—Writ of Sequestration (against LLC Defendants and Rodwell, Wooten, Hutson, and Hartsgrove;[21] and Count III—Alter Ego and Veil Piercing Liability (Alternatively, and against Rodwell, Wooten, Hutson, and Hartsgrove).[22]

## **RULE 12(b)(2) STANDARD**

The court may exercise jurisdiction over a non-resident only when the defendant has sufficient minimum contacts with Louisiana such that the exercise of jurisdiction would not offend "traditional notions of fair play and substantial justice." *International Shoe v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945). These contacts must be of a texture and quality such that the defendant would reasonably anticipate being haled into court in Louisiana. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474-75, 105 S.Ct. 2174 (1985).

Due process requires the defendant to have "purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the

---

[19] *Id.* ¶¶ 19-20.
[20] *Id.* ¶ 30-101.
[21] *Id.*
[22] *Id.*

forum state, and the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Walk Haydel & Assoc., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008). Jurisdiction may be general or specific.

Where a defendant has "continuous and systematic general business contacts" with a forum state, the court may exercise general jurisdiction over any action brought against that defendant. *Luv N' Care, Ltd v. Insta-Mix, Inc., et al,* 438 F.3d 465 (5th Cir. 2006).

"Specific jurisdiction applies when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from the alleged injuries that arise out of or relate to those activities." *Walk Haydel,* 517 F.3d at 243. Louisiana Revised Statute 13:3201 requires a liberal interpretation in favor of finding jurisdiction. *Adcock v. Surety Research & Inv. Corp.,* 344 So.2d 969 (1977); *Latham v. Ryan*, 373 So.2d 242 (La.App. 3d Cir. 1979). A single act by the defendant directed at the forum state can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted. *Ham v. La Cienega Music Co.,* 4 F.3d 415, 415-16 (5th Cir. 1993); *Dalton v. R & W Marine, Inc.,* 897 F.2d 1359, 1361 (4th Cir. 1991).

The party invoking the jurisdiction of a federal court bears the burden of establishing minimum contacts justifying the court's jurisdiction over a non-resident defendant. *Guidry v. Tobacco Co. Inc.,* 188 F.3d 619 (5th Cir. 1999). The party seeking jurisdiction must present a *prima facie* case that the defendant is subject to personal jurisdiction. *Freudensprung v. Offshore Tech. Servs, Inc.,* 379 F.3d 327, 342-43 (5th Cir. 2004). To determine whether a *prima facie* case exists, "this Court must accept as true [the Plaintiff's]

Page **4** of **9**

uncontroverted allegations and resolve in [its] favor all conflicts between the [jurisdictional] facts contained in the parties' affidavits and other documentation." *Id.*

A federal court may exercise personal jurisdiction over an out-of-state defendant only to the extent permitted by the long-arm statute of the state in which its sits and the Fourteenth Amendment's due process clause. *Paz v. Brush Engineered Materials, Inc.,* 445 F.3d 809, 812 (5th Cir. 2006). The Louisiana long-arm statute provides that Louisiana courts may exercise jurisdiction over non-residents. LA. STAT. ANN. § 13:3201. The Louisiana long-arm statute is coextensive with the limits of due process. *E.g., Laird v. Deep Marine Technology, Inc.,* 2004 WL 2984282, *1 (E.D. La. Dec. 7, 2004).

Due process requires (1) minimum contacts purposefully directed at the forum state, (2) a nexus between the contacts and the claims, and (3) that the exercise of jurisdiction will be fair and reasonable. *McFadin v. Gerber,* 587 F.3d 753, 759-60 (5th Cir. 2009); see also *ITL Int'l, Inc. v. Constenla, S.A.,* 669 F.3d 493, 498 (5th Cir. 2012).

It is the plaintiff's burden to satisfy the first two prongs, with the burden then shifting to the movant to show that an exercise of jurisdiction would be unfair or unreasonable. *Seiferth v. Helicopteros, Atuneros, Inc.,* 472 F.3d 266, 271 (5th Cir. 2006). To determine whether the "fair play" prong is met, the courts look to five factors: "(1) the burden on the nonresident defendant, (2) the forum state's interest, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies." *McFadin*, 587 F.3d at 759-60. "It is rare to say the assertion

of jurisdiction is unfair after minimum contacts have been shown." *Johnston v. Multidata Sys. Int'l Corp.,* 523 F.3d 602, 615 (5th Cir. 2008).

## **LAW AND ANALYSIS**

The Individual Defendants argue they lack the minimum contacts necessary for this Court to establish personal jurisdiction over a non-resident. As noted by the Individual Defendants, they do not reside in Louisiana, nor is it alleged that they purchased the subject homes from Legacy, or executed any promissory notes associated with the purchase of the homes. Legacy does not allege that the security agreements contain an assignment of the Individual Defendants or that the Individual Defendants are in default of the loans. Legacy does not make any allegations against the Individual Defendants as to its Judgment of Possessions.

The Individual Defendants argue that Legacy has not shown that they "reached out beyond one state" to "purposefully direct" their activities at residents of Louisiana. *Burger King*, 471 U.S. at 473. The Individual Defendants remark that their contacts are slim to none and are more purposefully directed at Texas.

Legacy informs the Court that a lawsuit concerning the same Defendants and subject matter has been filed in the Northern District of Texas—*Legacy Housing Corp. v. Rodwell*, Civ. Action No. 4:24-00096 (N.D. Tex. April 1, 2024), wherein Legacy argues that Texas has significant and an indispensable role in the parties' relationships, and further alleges

that the Texas lawsuit also relies on a forum selection and choice-of-venue provisions that mandates that the litigation proceed in the state or federal courts of Texas.[23]

"[A]n individual's transaction of business within the state solely as a [entity] officer does not create personal jurisdiction over that individual though the state has personam jurisdiction over the [entity]." *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985). While the general rule is that jurisdiction over an individual cannot be predicated upon jurisdiction over a corporation, courts have recognized an exception to this rule when the corporation is the alter ego of the individual. *Id.*

Individual Defendants argue that Legacy's allegations that they are alter egos of the LLC Defendants are bare, unsubstantiated and conclusory. Legacy alleges that the Individual Defendants are sole members of three of the ten LLC Defendants (and sole members of two non-defendant LLCs that are themselves members in two of the other LLC Defendants). Two of the Individual Defendants are the alter ego of those five LLCs.

Individual Defendants submit their Declarations[24] and dispute that they are sole members of any LLC, but maintain, that even if accepted as true, there is no support for a *prima facie* case for alter ego. Veil piercing requires more than a bare allegation that an LLC is the alter ego of its member or members and usually involves situations where fraud or deceit has been practiced. *Riggins v. Dixie Shoring Co., Inc.*, 590 So.2d 1164, 1168 (La. 1991). Under Louisiana law, "Piercing the veil of an LLC is justified to prevent the use of the LLC form to defraud creditors." *Id.* Similarly, under Florida LLC law, Legacy would

---

[23] Civ. Action No. 4:24- 96, ECF doc. 57. The home were manufactured and shipped from Texas, and payment on the loans were due and performable in Texas. *Id.*
[24] Hartsgrove Declaration; Hutson Declaration and Wooten Declaration

need to allege that the relevant member "dominated and controlled the LLC to such an extent that the LLC had no existence independent of" the member, "the LLC was the mere instrumentality or alter-ego" of the member, the member "used the LLC's [entity] form fraudulently or for an improper purpose," and the member's "fraudulent or improper use of the LLC's [entity] form caused injury to" Legacy. *Segal v. Forastero, Inc.*, 322 So.3d 159, 162-63 (Fla. 3d DCA 2021) (citations omitted).

Here, Legacy has failed to allege fraud as to creditors or that the relevant LLC's were dominated and controlled by any Individual Defendant to defraud creditors.

Under Mississippi law, "the breach of a contract, without more (i.e. showing of fraud) does not justify the disregard of the [limited liability] entity." *Gray v. Edgewater Landing, Inc.*, 541 so.2d 1044, 1047 (Miss. 1989). Mississippi law also requires "flagrant disregard of LLC formalities by the LLC members." *Brown v. Waldron*, 186 so.3d 955, 960 (Miss. Ct. App. 2016) (quoting *Restaurant of Hattiesburg, LLC v. Hotel & Restaurant Supply, Inc.*, 84 So.3d 32, 39 (Miss. Ct. App. 2012)). Legacy has not alleged that any of the Defendants disregarded any formalities, nor has it alleged fraud.

Under Texas law, to pierce the veil, courts look to factors such as undercapitalization, *Ledford v. Keen*, 9 F.4th 335, 339-40 (5th Cir. 2021), and commingling of member and LLC assets, *Riggins*, 590 So.2d at 1168; *Century Hotels v. U.S.*, 952 F.2d 107, 110 (5th Cir. 1992); *McCarthy v. Wani Venture, A.S.*, 251 S.W.3d 573, 591 (Tex. App—Houston [1st dist.] 2007). Legacy has not alleged undercapitalization of any LLC or commingling of member and LLC assets.

Considering the law under the various states where these entities were formed, and the allegations in the Complaint, the Court finds that Legacy has failed to establish a claim for alter ego and veil piercing.

Because none of the Defendants live in Louisiana, it would be burdensome for them to litigate outside the state of their domicile. Legacy has filed suit in Texas and has argued in the Texas suit that its interests in the Louisiana dispute are slight.[25] Considering the absence of supporting allegations as to piercing the veil and alter ego, the true parties in this lawsuit are the LLCs themselves. Applying the factors to determine if exercising personal jurisdiction over the Individual Defendants would be fair and reasonable, the Court finds that it would offend the Due Process Clause's requirement of "fair play and substantial justice" to exercise personal jurisdiction over the Individual Defendants.

## CONCLUSION

Considering the foregoing, and for the reasons explained herein, the Court will grant Individual Defendants' Motion to Dismiss Complaint for Lack of Personal Jurisdiction (Doc. 23) filed by Defendants, Eric Wooten, Robert Hutson, and Tony Hartsgrove and dismiss these Defendants.

**THUS DONE AND SIGNED** in Chambers on this 24th day of June, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[25] *Legacy Housing Corp. v. Rodwell*, No. 4:24-00096, ECF No. 57.